UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RAUL MARTIN NUNEZ BARRALES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:21-cv-2605 |
| | ) |
| FIBER 1 COMMUNICATIONS, INC., | ) |
| JAIME SCHARF, and GERARDO GARZA, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Raul Martin Nunez Barrales ("Nunez"), by counsel, and respectfully brings this action against the Defendants, Fiber 1 Communications, Inc. ("Fiber 1"), Jaime Scharf ("Scharf") and Gerardo Garza ("Garza") claiming unpaid overtime wages under the Fair Labor Standards Act and Indiana Wage Laws. In support thereof, the Plaintiff states as follows:

**I. Overview**

1. This lawsuit against the Defendant arises under the Federal Labor Standards Act ("FLSA"), 29 USC § 201 *et seq* for Defendants' failure to pay Nunez overtime wages.

2. Additionally, Indiana's Wage, Hour and Benefits Laws, I.C. §22-2-2-1 *et seq,* supports Nunez's wage claims.

3. Fiber 1 is a Florida corporation involved in directional boring and the installation of underground fiber optic cable, regularly doing business in Marion County, Indiana. Fiber 1 is owned and managed by Scharf and Garza.

4. The Plaintiff is a former employee of the Defendant. He worked as a laborer and was paid hourly wages. Defendants failed to pay the Plaintiff in accordance with federal overtime laws.

5. During the Plaintiff's employment with the Defendant, the Federal overtime pay regulations required the Defendants pay the Plaintiff one and a half (1 ½) times his regular rate of pay for all hours he worked over forty (40) hours in a workweek.

6. The Plaintiff worked for the Defendant beginning January 15, 2021. Plaintiff was terminated on September 17, 2021 for refusing to perform and illegal act. Specifically, Plaintiff was terminated for refusing to drive Defendant's vehicle on a public roadway without a valid driver's license.

7. During that time of his employment, Nunez was paid $1200 per week, or the equivalent of an hourly rate of $30 per hour.

8. During the entire time he was employed by Defendant Nunez regularly worked more than forty (40) hours per week, thereby qualifying him for overtime pay.

9. Nunez regularly worked 12 hours per day, 7 days per week, more than twice 40 hour work week contemplated by the FLSA.

10. The Defendant failed to maintain records pertinent to the Plaintiff's employment as required under the FLSA, 29 CFR §516 *et seq.*

11. The Defendant intentionally developed a payment scheme that avoided paying Mr. Lopez for his overtime work, as well as federal and state employment taxes.

## II. Parties

12. Nunez is an individual and resident of Marion County Indiana.

13. Fiber 1 is a business entity organized in the State of Florida, but regularly conducting business in Indiana.  Its principal place of business is located at 201 North Illinois Street, 16th Floor South Tower, Indianapolis, IN 46204, based in its filings with the Indiana Secretary of State.

14. At all relevant times, the Plaintiff was employed by the Defendant within the meaning of FLSA during the three year period prior to filing this Complaint.  The Plaintiff was an individual employee within the meaning of the FLSA, 29 USC § 203 (e)(1).

15. Defendants, Sharf and Garza, are owners, members and/or officers of Fiber 1 and controlled the day-to-day business operations of the business including handling payroll records.  Scharf and Garza exercised the authority and decision making regarding wage and hour payments for the company's employees.

16. At all relevant times, Fiber 1, Scharf and Garza were "employers" within the meaning of FLSA 29 USC § 203d, or alternatively under Indiana Code §22-2-2-3, and Indiana Code §22-2-6-1.

### III. Jurisdiction and Venue

17. The FLSA grants federal or state jurisdiction over claims arising from the violation of its minimum wage and overtime provisions 29 USC §216(b). Therefore, this Court has jurisdiction over the FLSA claims in this case as well as pendent jurisdiction of the state law claims and the Parties to this action.

18. Venue in this Court is preferred and appropriate because most of the events described herein took place in the Southern District of Indiana.

### IV. Coverage

19. At all times hereinafter mentioned, the Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 USC § 203(r).

20. At all times hereafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 USC § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00.

## COUNT 1: Failure to Pay Overtime Wages

21. The Plaintiff re-alleges the material allegations made herein and presents his claim for unpaid overtime wages, damages and attorney fees.

22. During all relevant times, the Defendants violated federal and/or state regulations under 29 USC § 206 and § 207 or alternatively I.C. §22-2-2-4 by failing to comply with the minimum wage and overtime requirements of the FLSA or The Indiana Wage Laws, owed to the Plaintiff for work he performed while in their employ.

23. The Defendant willfully violated the FLSA provisions regulating minimum wage and overtime wage rates.

WHEREFORE the Plaintiff prays the Court enter a Judgment against the Defendants, jointly and severally, awarding him for actual damages, liquidated damages, costs and attorney fees provided by the FLSA and Indiana Wage Laws, and for all other relief deemed just and proper in the premises.

Respectfully submitted:

GOODIN ABERNATHY, LLP

/s/ Christopher E. Clark
Christopher E. Clark, #18577-29
*Attorney for Plaintiff*

Christopher E. Clark, #18577-29
James R. Browne, Jr. #17888-49
GOODIN ABERNATHY, LLP
301 East 38th Street
Indianapolis, IN 46205
Ph. 317-843-2606
Fax 317-574-3095
cclark@goodinabernathy.com
05-140

## REQUEST FOR JURY TRIAL

COMES NOW the Plaintiff, Guillermo Lopez, by counsel, and respectfully requests that this matter be set for trial by jury.

Respectfully submitted:

GOODIN ABERNATHY, LLP

/s/ Christopher E. Clark
Christopher E. Clark, #18577-29
*Attorney for Plaintiff*

Christopher E. Clark, #18577-29
James R. Browne, Jr. #17888-49
GOODIN ABERNATHY, LLP
301 East 38th Street
Indianapolis, IN 46205
Ph. 317-843-2606
Fax 317-574-3095
cclark@goodinabernathy.com
05-140